This is a companion case to that of the same appellant from the same county, this day decided. The indictments in the two cases are identical, except as to the time, and the person he is alleged to have practiced upon. In this case he has only three grounds in his motion to quash the indictment; those are his first, second and third in the other case. What we said in that case disposes of his motion in this.
The statute, article 756, Penal Code, makes each day a separate offense. In this case the indictment alleges he practiced, etc., on Ida Cauley on or about May 10, 1913. In the other case it alleges he practiced, etc., on Lem Freeman on or about March 1,1913. Neither is a bar to the other, and the conviction in the other does not put him in jeopardy in this, they are not the same offenses, but entirely separate and distinct offenses.
Appellant made a motion to continue to the effect that there were only twelve jurors on the regular panel, six of whom tried him in the other case, and the others were present and heard that tried, and were disqualified to try this. The court qualified his bill to the overruling of said motion by stating he excused the six who tried his other case, and all the others except one, testified that they were not present when the other case was tried, and heard none of the evidence, and knew nothing about either case. The one testified he heard the evidence of the other trial, but had no opinion as to the guilt or innocence of the defendant in this. Neither the bill, nor record otherwise, shows whether this, or any of said six jurors, served on this trial. The bill shows no error whatever. The evidence is clearly sufficient to sustain the conviction. The judgment is affirmed.
Affirmed.