## J. W. YOUNG v. THE STATE.

### No. 3860.  Decided December 15, 1915.

### Rehearing denied January 12, 1916.

**1.—Unlawfully Practicing Medicine—Information—Language of Statute.**

While it is always better to follow the language of the statute in setting out the offense in the information, yet this is not absolutely essential, if language of equivalent import and meaning is used. Following Mathews v. State, 36 Texas, 675, and other cases. And where the information alleged that defendant had never obtained a certificate or diploma, this language necessarily implies and charged that he had not recorded authority in the county of his residence.

**2.—Same—Former Jeopardy—Separate and Distinct Offenses.**

Where, upon trial of unlawfully practicing medicine, the date of the offense was separate and distinct from the time set out in defendant's plea of former

jeopardy and showed separate and distinct offenses, there was no error in striking out such plea.

**3.—Same—Charge of Court—Requested Charges.**

Where the defendant's requested charge that the State must prove that defendant did not have a diploma or a verification certificate filed in the county of his residence, was fully covered in the court's main charge, and the evidence showed that defendant did not have such diploma, etc., there was no reversible error.

**4.—Same—Words and Phrases—Evidence—Meaning of Words.**

The statute specifically defines the words "practicing medicine," and the court did not error in not admitting testimony as to the general meaning of those words.

**5.—Same—Evidence—Service—Compensation.**

Upon trial of unlawfully practicing medicine, there was no error in permitting a witness to testify that defendant treated his wife, and received board and lodging as compensation for the medicine furnished and services rendered.

**6.—Same—Misdemeanor—Charge of Court—Practice on Appeal.**

Where, upon trial of a misdemeanor, the exception to the court's charge was general and pointed out no error, the same could not be considered on appeal, and the information being sufficient and the evidence sustaining a conviction under a proper charge of the court, the verdict of the jury that the defendant was guilty of unlawfully practicing medicine was sustained.

**7.—Same—Charge of Court—Motion for New Trial.**

Complaints of the charge of the court made for the first time in the motion for new trial can not be considered on appeal. Following Basquez v. State, 56 Texas Crim. Rep., 329.

Appeal from the County Court of Red River.   Tried below before the Hon. Geo. Morrison.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $175.

The opinion states the case.

*Travis T. Thompson,* for appellant.—On question of motion to quash information: Lockhart v. State, 58 Texas Crim. Rep., 73, 124 S. W. Rep., 923; Young v. State, 59 Texas Crim. Rep., 358, 128 S. W. Rep., 1103.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully practicing medicine, and his punishment assessed at a fine of $175, from which judgment he prosecutes this appeal.

Appellant moved to quash the information and complaint because they did not allege that he had not recorded a certificate or diploma in the county of his residence. It is always better to follow the language of the statute, but this is not absolutely essential, if language of equivalent import and meaning is used.   Matthews v. State, 36 Texas, 675; Fowler v. State, 38 Texas, 559; Caldwell v. State, 2 Texas Crim. App., 53; Sansbury v. State, 4 Texas Crim. App., 99; Bigham

v. State, 31 Texas Crim. Rep., 244. The information and complaint in this case allege that appellant practiced medicine "without having first obtained from an authorized board of medical examiners a certificate of professional qualifications, and without having a diploma from some accredited medical college." If appellant had obtained a certificate or diploma and failed to record it in the county of his residence, he would be guilty, and if he had such certificate or diploma, it would be necessary to allege that he had not recorded it in the county of his residence before a conviction would be authorized. But when the information alleges he had never obtained a certificate or diploma, this language necessarily implies and charges that he had not recorded authority in the county of his residence. Article 462 of the Code of Criminal Procedure provides: "Words used in the statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

The court did not err in striking out the plea of former jeopardy or acquittal. This information alleges that on or about the 12th of March, 1915, and thence continuously up to the date of filing the complaint in this cause, which was April 27th, appellant did unlawfully engage in the practice of medicine, and did prescribe for and visit Mrs Thad Pines, etc. This covered a specific time from March 12th to April 27th. The other information also covered a specific time, from May 10, 1915, to May 12, 1915, and alleged appellant engaged in the practice of medicine, and did treat one W. W. Prior. They were separate and distinct offenses alleged, and occurred at separate and distinct times. The State had to prove in one instance that appellant treated and offered to treat Mrs. Pines, and in the other Mr. Prior.

The only special charge requested was one that asked an instruction that the State must prove that "appellant did not have a diploma or a verification certificate filed in the county of his residence." This was fully covered by the court in his main charge, and such fact was proven by Dr. Foster, who testified that appellant had stated to him that he had never attended a medical school or college; that he had no diploma from any accredited medical college; that he had no verified certificate, and had no license to practice medicine in this State.

The statute specifically defines the words "practicing medicine," and the court did not err in not admitting testimony as to the general meaning of those words. Had not the statute given those words a definite meaning there might be merit in appellant's contention.

There was no error in admitting the testimony of J. W. Braden. His testimony shows that appellant did treat his wife, and that he received his board and lodging as compensation for the medicine furnished and services rendered.

This is a misdemeanor conviction, and the only exception reserved to the charge of the court as given, was: "Now comes the defendant and hereby excepts to the charge of the court as given, for the reason that said charge does not charge the law applicable to the facts proven

and issues raised." This exception is too general and points out no error in the charge. The information charged appellant with unlawfully practicing of medicine; the charge submits that offense, and the evidence sustains a verdict that he was guilty of that offense.

The complaints of the charge, made for the first time in the motion for a new trial, can not be considered. Basquez v. State, 56 Texas Crim. Rep., 329.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 12, 1916.—Reporter.]