### T. J. ELLIS v. THE STATE.

#### No. 4052. Decided May 3, 1916.

**1.—Murder—Continuance—Transient Person.**

Where one of the witnesses mentioned in the application for continuance
testified during the trial, and the facts expected to be shown by another witness
are not stated in the application, and that of still another witness was of an
impeaching character, and the fourth witness was a transient person who could
not be located, and it was hardly probable that his testimony would be obtained
upon another trial, there was no error in overruling the motion for continuance.
Following Hall v. State, recently decided.

**2.—Same—Verdict—Excessive Punishment.**

Where, upon trial of murder and a conviction thereof assessing defendant's
punishment at thirty years imprisonment in the penitentiary, the said verdict was
justified by the evidence, the contention that the verdict was excessive is not
well taken.

**3.—Same—Charge of Court.**

Where no exceptions were made to the charge of the court and the court also submitted the only requested charge, there was no reversible error on that ground.

Appeal from the District Court of Brazoria.   Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of murder; penalty, thirty years imprisonment in the penitentiary.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, JUDGE.—Appellant was convicted of murder, his punishment being assessed at thirty years confinement in the penitentiary.

There are two bills of exception found in the record.   The first bill is reserved to the action of the court overruling an application for a continuance, and the second bill to the overruling of the motion for a new trial.

Following the rule laid down in the recent case of Hall v. State, the court did not err in overruling the application for a continuance.   One of the witnesses mentioned in the application testified during the trial. The facts expected to be shown by another witness are not stated.   The evidence of the third witness is, generally speaking, impeaching in character.   The fourth witness seems to have been a transient person for whom process had been issued to several counties, all of which was returned not executed because witness was not in the county.   In each instance the process issued stated the residence of the absent witness not only as to county but where he could be found, but the officer in each instance on the return stated he was not to be found in the specified county.   This was a second application.   The testimony is cumulative and most of it impeaching in its nature.   The transient witness is named Breeze.   By him it was expected to be shown that he had known the deceased for quite a number of years, and that he had known him to have difficulties with other parties in which he used his pocketknife, cutting one or more of them with it.   The name of one of these parties was Davis, who lived in Wharton County.   Process was not issued for Davis, so far as the application is concerned, and no reason given for not so issuing.   The name of no other party is given with whom deceased had a difficulty.   If the deceased had trouble, difficulties or fights with other people, and these facts could be shown by Breeze, they could have been produced as well from them as from Breeze. The difficulty between appellant and the deceased occurred in Brazoria County, where the parties, defendant and deceased, were raised.  .Following the rule laid down in the recent case of Hall v. State, as applying to the witness Breeze and his being a transient person, it would

hardly be probable that his testimony would be obtained upon another trial, and on this trial it could have been supplied by the parties with whom deceased had had such difficulties. One of the issues was that deceased was making an attack on appellant with a pocketknife at the time he was shot. There is testimony going to prove this fact, though it is denied by the only eyewitness, the mother of the deceased.

It is contended also that the verdict is wrong and excessive as well. Under the State's theory we think the verdict is justified. The State's case, as to the immediate facts, was made by the mother and step-father of the deceased. The mother was an eyewitness to the difficulty. The testimony of the stepfather and his subsequent statement tends to show that he did not see the difficulty, though he testified to the details of it. In the opinion of the writer it would hardly be probable that the jury gave any credence to what he swore. The jury could have acquitted, but it was their province to decide the credibility of the witnesses and weight to be given their testimony. Ignoring the testimony of the stepfather, which the writer does, the evidence of the mother of the deceased was sufficiently strong to justify the jury in their conclusion.

There were no exceptions to the charge, and the court gave the only charge asked by appellant. Under this view of the record we would hardly feel justified in reversing this judgment.

The judgment is, therefore, affirmed.

*Affirmed.*