## Carl Ellis v. The State.

### No. 4155.    Decided October 18, 1916.

**1.—Gaming—Matching Money—Charge of Court—Definition of Offense.**

Where, upon trial of betting and wagering at a game of matching money, etc., the court's charge gave a correct definition of a bet and wager under the allegations of the indictment, there was no reversible error. Following Stearns v. State, 21 Texas Crim. App., 692, and other cases. Davidson, Judge, dissenting.

**2.—Same—Charge of Court—Conflict—Weight of Evidence.**

Where appellant, upon appeal from a conviction of a misdemeanor, contended that there was a conflict between the court's main charge and the defendant's requested charge, and, that the court's charge was on the weight of the evidence, but this contention was untenable, there was no reversible error. Davidson, Judge, dissenting.

**3.—Same—Charge of Court—Misdemeanor—Practice on Appeal.**

Where a special charge is refused in a misdemeanor case, an exception must be reserved to the action of the court before the matter can be reviewed on appeal.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of matching money for the drinks, etc., the evidence sustained the conviction under a proper charge of the court, there was no reversible error. Davidson, Judge, dissenting.

Appeal from the County Court of Fisher.　Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of gaming by matching money for the drinks; penalty, a fine of fifteen dollars.

The opinion states the case.

*L. H. McCrea* and *J. C. Randel,* for appellant.—Cited cases in companion case of Pat Wilson v. State.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of reserving bill of exceptions to refuse special charge:　Giles v. State, 66 Texas Crim. Rep., 638; Brown v. State, 73 Texas Crim. Rep., 571.

HARPER, JUDGE.—Appellant was convicted under an indictment, omitting formal parts, reading as follows:　"Carl Ellis on or about the 22nd day of February, 1916, in the County of Fisher and State of Texas, did then and there unlawfully bet and wager at a game of matching money and coins for such money and coins and for other things of value."

"And further present upon their oath that on or about the 22nd day of February, 1916, and anterior to the presentment of this indictment in the County of Fisher, State of Texas, Carl Ellis did then and there unlawfully bet and wager at a game of matching coins for other things of value, towit: cold drinks."

We have omitted the second and third counts in the indictment as the court specifically withdrew them from the jury, and have only copied the first and fourth counts.　The court in his charge only submitted the first count in the indictment, the charge reading:

"You are instructed that if any person shall bet or wager at the game of matching money or coins of any denomination for such coins, or for other things of value, he shall be fined in any sum not less than $10 nor more than $50.

"Now if you believe from the evidence, beyond a reasonable doubt, that the defendant, in the County of Fisher and State of Texas on or about the 22nd day of February, 1916, did bet and wager at the game of matching money or coins for such coins or other things of value, as charged, you will find him guilty and assess his punishment at a fine in any sum not less than $10 nor more than $50.

"You are instructed that a bet or wager is the mutual agreement and tender of a gift of something of value, which is to belong to the one or the other of the contracting parties, according to the result of the trial of chance or skill, or both combined, and such agreement may be made by words, by words and acts, or by acts without words.

"In a criminal case the defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt, and if you have such doubt you will acquit the defendant.

"You are the exclusive judges of the facts proved, and of the credibility of the witnesses and of the weight to be given their testimony, but you are to receive the law as given vou in this charge and be governed thereby."

The jury found appellant guilty and assessed his fine at $15.

There is but one bill of exceptions in the record, and it reads:

"Comes now the defendant and objects to the special charge requested by the State's counsel No. 1 for the reasons:

"That said charge is upon the weight of the evidence.

"That said charge does not correspond with the first count or any other count in the indictment, as the allegation is, and the statute, 'things of value,' and said charge is not under said law or statute and allegations in accordance therewith.

"That same is in conflict with the court's main charge wherein the court defines what a bet or wager is.

"That same is not a correct definition of a bet or wager."

The special charge to which these exceptions were reserved reads as follows: "You are further charged herein that matching money or coins for the purpose of determining which of the persons so matching said money or coins shall pay for the thing or things for which they may match, is a bet or wager; provided said thing or things for which the matching is done is a thing of value."

This charge is not upon the weight to be given the testimony, and corresponds with the first count in the indictment. It is a correct definition of a bet and wager. Stearnes v. State, 21 Texas Crim. App., 692; Long v. State, 22 Texas Crim. App., 194, and cases cited under section 1197 Branch's Ann. Penal Code. By reading the above special charge and the charge of the court herein copied it is manifest that the special charge is not in conflict with the court's main charge but is merely supplementary thereto.

In addition to this bill of exceptions, in the motion for a new trial appellant assigns many other grounds, but these are not presented in a way authorizing us to review them. In Hobbs v. State, 7 Texas Crim. App., 117, Judge White takes up the various provisions of the procedure governing misdemeanor trials, and there announces the rules that have since been adhered to by this court, and that is, if a charge is given it must be excepted to at the time of the trial, and special charge requested, and if the special charge is refused, an exception must be reserved to the action of the court in refusing to give such charge before we would be authorized to review the charge in a misdemeanor case. That if such exceptions are not reserved, even an erroneous charge will be no ground for reversal in misdemeanor cases. In that case he says the charge is erroneous, but no proper exceptions being reserved, the judgment was affirmed. A few of the earlier cases approving this rule may be cited: Sewell v. State, 15 Texas Crim. App., 56; Lloyd v. State, 19 Texas Crim. App., 321; Conner v. State, 26 Texas Crim. App., 509; Garner v. State, 28 Texas Crim. App., 561;

Finey v. State, 29 Texas Crim. App., 184; Anderson v. State, 34 Texas Crim. Rep., 96; Dunbar v. State, 34 Texas Crim. Rep., 596. Later cases are referred to in the companion case of Pat Wilson v. State, in which the opinion was rendered last week. In this case W. H. Parker testified, in substance: "I saw Carl Ellis, appellant, matching money in Mr. Harris' drug store; he drank coca cola that sells for 5 cents a glass. Carl Ellis was matching with Silas Glasscock. I knew it was money by the ring. Carl drank one and Silas Glasscock drank one. Carl Ellis got stuck and got some money out with which to pay for the drinks." This evidence would support the verdict, and the charge as given fairly presented the law.

The judgment is affirmed.·

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—See Pat Wilson v. State, recently decided.