Lawrence Boattenhamer v. The State.

No. 4964. Decided November 6, 1918.

**1.—Wife Desertion—Requested Charge by State.**

Where, upon trial for wife desertion, the special charge by the State ignored other defensive issues and was doubtless construed by the jury as an instruction that if the defendant ratified the marriage he should be convicted, without reference to the other defenses urged by him, the same was reversible error; defendant reserving a bill of exceptions thereto, although not requesting an affirmative charge thereon. Following Novy v. State, 62 Texas Crim. Rep., 492. Distinguishing Wilson v. State, 80 Texas Crim. Rep., 266, and other cases.

**2.—Same—Argument of Counsel—Invited Error.**

Where, upon trial of wife desertion, the argument of State's counsel, although improper, was invited by the argument of defendant's counsel, there was no reversible error.

Appeal from the County Court of Clay. Tried below before the Hon. E. W. Coleman.

Appeal from a conviction of wife desertion; penalty, a fine of one hundred dollars and confinement in the county jail for ninety days.

The opinion states the case.

*Fitzgerald & Weldon,* for appellant.—On question of requested charge by State: Barnes v. State, 57 Texas Crim. Rep., 449, 125 S. W. Rep., 39; Pickrell v. State, 60 Texas Crim. Rep., 572, 132 S. W. Rep., 938; Dawson v. State, 79 Texas Crim. Rep., 371, 185 S. W. Rep., 875; Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 139.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, Judge.—Appellant was charged with wife desertion under article 640a, P. C., and his punishment fixed at a fine of $100 and confinement in jail for ninety days.

Appellant contended that the marriage was void because under duress, that if the marriage was legal the desertion was not without justification. The State met the plea of duress by evidence of ratification. These issues were submitted to the jury in a written charge prepared by the court and a special charge given at the request of State's counsel. The special charge submitted the issue of ratification and is complained of in appellant's brief upon the ground that it ignored the other defensive issues and instructed a verdict against appellant in the event the jury decided in favor of the State on the issue of ratification of the marriage. The only exception to the court's charge was embodied in a written exception directed against the special charge mentioned. The State contends that this being a misdemeanor case the defect in the charge is not available on appeal in the absence of a request for special charge correcting the defect. The rule seems to be

well established that in a misdemeanor case complaint of a charge is not available on appeal in the absence of written request for a special charge curing the error. See cases listed in Vernon's C. C. P., p. 499; also the following: Ellis v. State, 79 Texas Crim. Rep., 461, 189 S. W. Rep., 1074; Wilson v. State, 80 Texas Crim. Rep., 266, 189 S. W. Rep., 1071; Bennett v. State, 79 Texas Crim. Rep., 380, 185 S. W. Rep., 14; Teem v. State, 79 Texas Crim. Rep., 285, 183 S. W. Rep., 1144; Salter v. State, 78 Texas Crim. Rep., 325, 180 S. W. Rep., 691; Robison v. State, 77 Texas Crim. Rep., 557, 179 S. W. Rep., 1157; Young v. State, 78 Texas Crim. Rep., 305, 181 S. W. Rep., 472. The strictness of this rule appears to be based upon the fact that under article 739, C. C. P., the court is not required to give a charge in a misdemeanor case except upon request in writing, and in fact that in such case the court may, with consent of the parties, give a verbal charge. See cases listed in Vernon's C. C. P., p. 500, art. 740. The theory is that on appeal the proceedings in the trial court are presumed regular in the absence of a legal showing to the contrary, and where a defect in the charge appears which might have been cured by a verbal charge given by consent, the presumption that it was so cured obtains when not negatived and when necessary to support the judgment. Carr v. State, 5 Texas Crim. App., 153.

One of the bills shows an argument by the State's attorney urging the jury to fix a jail penalty for the reason that a fine would not punish the appellant in that it would be paid by his father. This was an improper argument and unexplained, we think, should result in a reversal. The excepted bill, however, is qualified by the statement that the argument was invited by appellant's counsel urging the jury not to assess a fine which appellant's old father would have to pay. This qualification in the bill seems to bring it within the rule laid down by Mr. Branch in section 363 of his Ann. P. C., wherein he cites a number of decisions of this court supporting the proposition that appellant is not entitled to complain of an argument of State's counsel which is occasioned and justified by his own counsel.

The bills of exception which we have not discussed we have examined and we think they present no reversible error.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 6, 1918.

MORROW, JUDGE.—We conclude we were in error in entering a judgment of affirmance in this case.

The special charge complained of was subject to the construction, and was doubtless construed by the jury as an instruction that if the appellant ratified the marriage that he should be convicted of desertion without reference to the conclusion the jury might reach with refer-

ence to the other defenses urged by him. A part of the State's case was to prove that the desertion was without justification. What conditions or facts justify the conclusion that the desertion was without justification is for the jury to solve as the statute does not define them. Appellant urged and introduced evidence to meet the contention of the State that he was not justified in desertion and the effect of the special charge was to withdraw this issue from the jury. It is true that the court charged the statute, that is, that the desertion must be without justification in his main charge, but the effect of the special charge was to impress the jury with the view, in the absence of ratification, the appellant was to be convicted.

In reviewing the matter we are of the opinion that the bill of exceptions which appellant reserved to the action of the court in giving the special charge in question, under the peculiar facts of the case, was such as to require this court to consider it, and that it presents an affirmative error such as was passed on in the case of Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 139, wherein the court used the following language: "Ordinarily in a misdemeanor case a defective charge of the court where no special charge is requested by the appellant, would not be reversible error, but where the charge itself is affirmatively wrong and an exception is properly taken thereto and shown by proper bill of exceptions and further set up in motion for a new trial we can not hold and do not hold that it is not reversible error."

The motion for rehearing is, therefore, granted, the judgment of affirmance set aside and the judgment of the County Court reversed and the cause remanded.

*Reversed and remanded.*