### TRAMMELL v. STATE. (No. 8771.)

(Court of Criminal Appeals of Texas. April 29, 1925. Rehearing Denied June 17, 1925.)

1. Criminal law ⊷531(3)—Confession held not shown in reliance on sufficiently definite promises by those in authority to render it inadmissible.

In prosecution for unlawful manufacture of intoxicating liquor, evidence *held* not to sufficiently show that confession of accused was induced by promise of benefit to him by any one in sufficient authority, so as to render confession inadmissible.

2. Criminal law ⊷1186(4)—Refusal of special charge held not prejudicial, in view of clear evidence of guilt.

In prosecution for manufacturing intoxicating liquors, refusal of special charges requiring confession of accused to have been voluntarily given, *held* not to require reversal, in view of Code Cr. Proc. 1911, art. 743, where testimony of accused, aside from confession, and other evidence, all demonstrated guilt.

### On Motion for Rehearing.

3. Criminal law ⊷1038(1)—Failure of trial judge to sign charge not considered, in absence of objection below.

Absence of signature of trial judge to purported charge as found in record would not be considered for first time on motion for rehearing on appeal, in absence of complaint in court below.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

R. L. Trammell was convicted of unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

W. W. Kirk, of Plainview, for appellant.

Tom Garrard, State's Atty., and Grover C.

---

⊷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence is such as to support the finding by the jury that there was found upon the premises of the appellant equipment capable of producing intoxicating liquor and which had been used for that purpose. There was also found a quantity of whisky. There was testimony from an accomplice witness that the still had been operated upon the premises by the appellant and Proctor. His testimony touching the activities of the appellant in operating the still and making the whisky is direct and definite.

The written confession of the appellant was introduced in which he stated that he had bought sugar and meal which was used in making the mash and whisky found by the officers, and that there was no one but himself connected with it. In the part of the confession introduced by the appellant it was also shown that he had bought some whisky in town and carried it to his home; that he paid $5 for a half gallon of it; that this occurred during the week previous to the discovery; that he had some yeast cakes, sugar, and mash in three barrels, and intended to make whisky out of the mash when he got "things" to boiling.

[1] Appellant presented several special charges, in which he sought to have the jury instructed that, if the confession was brought about by fear or hope of reward, they would disregard it. In one of the special charges requested the language used is this:

"* * * If you believe * * * that the statement introduced in evidence * * * was made by the defendant, believing that the prosecution of this case would be made light on him by reason of making such statement, you will not consider same for any purpose in arriving at your verdict."

In his testimony appellant identified the written confession, and said that it was his statement; that he signed it; that the statement therein that he had bought whisky was not true; that he did not know that it was not true at the time he made the statement; that he had not previously been in court, and was scared; that he was asked to make a statement; that he did not know what else to do. His testimony is contradictory as to whether or not he read the statement before it was signed. He said:

"The reason I signed it is because I didn't know anything else but to sign it. I was scared, and didn't know anything else but to sign it."

He also said that the officers told him that he was not the man they wanted, but, if he would reveal what he knew, they would try to make it light on him. The officers who took the statement contradicted the appellant with reference to telling him that he was not the man they were after. Their testimony was to the effect that the confession was voluntary.

We observe but little difference between the appellant's confession and his testimony upon the trial so far as the legal effect is involved. He admitted on the trial that he had aided Mr. Proctor in making whisky. In the confession, if true, he said that he acted alone, but in either event the conclusion of guilt would follow, unless the jury believed the whisky was made for medicinal purposes. They were certainly not unwarranted in rejecting this theory. The court instructed the jury that the confession must be voluntary in order to be considered.

Appellant does not either set out or point out in his exception to the refusal of the charges the testimony upon which he relies. In our examination of the testimony we fail to find any specific showing that any of the alleged promises upon which the appellant claims to rely were made by any one in authority. From his testimony we quote:

"After I came in there that night they commenced talking to me and told me, 'You are not the man we want'; says, 'If you will tell what you know about it, we will try to make it light on you,' and of course I was scared; didn't know anything about the court at all, so I went ahead and signed the statement they made."

In this connection we quote from Branch's Ann. Tex. P. C. p. 41:

"To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority, and it must also be of such character as would be likely to influence the defendant to speak untruthfully."

This proposition is supported by many cited authorities. See Branch's Ann. Tex. P. C., supra. In our opinion, the record before us does not bring the appellant's case within this rule.

[2] The refusal of the court to give the special charges requested would not, in our judgment, warrant a reversal for the additional reason that aside from the confession, the testimony of the appellant upon the trial, as well as that of other witnesses, is all one way to the point that the appellant manufactured whisky in violation of the law. The verdict assessed the lowest penalty, and, even if, technically speaking, the evidence called for a charge more specifically calling the attention of the jury to the necessity that the confession be voluntary, its refusal would not, under the provisions of article 743, C. C. P., justify a reversal of the judgment for the reason that the omission in the charge men-

tioned could not, under the record, have been prejudicial to the appellant.

The judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, J. [3] For the first time on motion for rehearing appellant complains that the purported charge of the court as found in the record does not bear the signature of the trial judge. No complaint was made of this in the court below. Allen's Case (Tex. Cr. App.) 265 S. W. 580, is conclusive against the contention.

We think the case was properly decided on original submission. Under the facts, in view of appellant's own evidence given on the trial, we would not feel called upon to reverse, although some of the special charges refused might have been pertinent. Article 743, C. C. P.

The motion for rehearing is overruled.