## C. L. ANDRUS V. THE STATE.

No. 10018.   Rehearing by State granted June 16, 1926.

Rehearing denied appellant October 20, 1926.

1.—Practicing    Medicine   Unlawfully—Recalling    Mandate—Practice    on Appeal.

After the reversal of this cause, and during the same term, the state presented a motion for a rehearing and to recall the mandate which had been issued. The mandate is recalled, and the state's motion for a rehearing is now before the court.

2.—Same—Charge  of  Court—Refusal  of  Requested  Charge—No  Error Presented.

This cause was reversed and remanded in our original opinion, on account of the failure of the court to give appellant's special charge No. 1. On rehearing by the state, it appearing that special charge No. 4 was given by the trial court, and that same correctly presented, in effect, the issues presented in his special charge No. 1, we were in error in reversing the case because of the failure to give said special charge No. 1, and the state's motion for rehearing is granted and the cause affirmed.

ON REHEARING BY APPELLANT.

3.—Same—Recalling Mandate—Jurisdiction of Appellate Court.

On rehearing appellant urges that the mandate having issued, and filed

in the lower court, this court lost its jurisdiction. It is not shown that the trial court entered judgment in the case after the mandate was received. Ordinarily this court will not entertain motions filed by either the state or appellant after fifteen days from the date of the judgment on which rehearing is sought. This court, however, has control over its judgments, during the term at which rendered. See Kraft v. State, 86 Tex. Crim. Rep. 484; McCorquodale v. State, 54 Tex. Crim. Rep. 344.

Appeal from the County Court of Runnels County. Tried below before Hon. Paul Tremmer, Judge.

Appeal from a conviction for practicing medicine unlawfully, penalty a fine of $100 and one minute in the county jail.

*Ben L. Cook* of Abilene, *W. D. Jennings* of Miles, and *Parrish & Crager* of Ballinger, for appellant.

*C. P. Shepherd, L. P. Pierson* and *Chas. L. Black; Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

### ON MOTION FOR REHEARING.

BERRY, JUDGE.—The state in its motion for rehearing calls our attention to the fact that while the court in his main charge instructed the jury as stated in our original opinion and failed to give special charge No. 1, as stated therein, yet that he did give special charge No. 4, which is in effect the same as special charge No. 1, which was refused. A further examination of the record convinces us that the state is correct in this contention and that we were in error in reversing the case because of failure to give said special charge No. 1.

Special charge No. 4, given by the court at the request of the appellant, fully instructed the jury to the effect that they could not convict the appellant unless they believe that the appellant treated or offered to treat W. F. Beavers, the party whom the complaint and information charged that he did treat. We deem it proper to say that the attorneys representing the state did not brief this question on original submission and the error in overlooking this special charge No. 4 was due to the peculiar manner in which the record shows that it was given.

Believing that we were in error in the original opinion the state's motion for a rehearing is granted and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been

examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant does not question the correctness of our opinion on the state's motion for rehearing, but only urges that such motion was not filed in time, and that this court lost jurisdiction when the mandate was issued from this court and was filed in the lower court, hence was without authority to act on the state's motion. If the trial court had entered judgment in the case after the mandate reached there, and before its recall, the question would be serious. If we can consider the affidavit attached to appellant's motion for any purpose it only shows that an agreement for the disposition of the case was entered into but no order or judgment making it effective was ever entered or rendered. Ordinarily this court will not entertain motions filed by either the state or appellant after expiration of fifteen days from the date of the judgment on which rehearing is sought. (Fitts.v. State, — Tex. Crim. Rep. —, 264 S. W. 1006, and authorities therein cited); on the other hand it cannot be questioned that this court has control over its judgments during the term at which rendered. (Kraft v. State, 86 Tex. Crim. Rep. 484, 217 S. W. 1038; McCorquodale v. State, 54 Tex. Crim. Rep, 344, — S. W. —.)

Appellant's motion for rehearing is overruled.

*Overruled.*