## M. B. McCoy v. The State.

No. 10805.   Delivered May 18. 1927.

Rehearing denied June 22, 1927.

**1.—Violating Medical Practice Act—Former Jeopardy—Plea Of—Properly Overruled.**

Where on a trial for a violation of the Medical Practice Act, appellant plead as former jeopardy an acquittal upon a trial for treating a Mrs. Spann and divers other persons on or about February 6, 1926. The plea, on motion for the State, was properly stricken out, because it showed on its face that the former information charged an entirely different offense from that for which he was on trial. Following Byrd v. State, 72 Tex. Crim. Rep. 265 and Young v. State, 78 Tex. Crim. Rep. 365.

**2.—Same—Bill of Exception—Incomplete—No Error Shown.**

When appellant complains of the refusal of the court to permit a witness, on cross-examination, to answer a question propounded to her by appellant, and the bill does not set out the answer expected, same is insufficient. A bill of exception to be sufficient, must show error upon its face, otherwise this court will not consider same. Following Herrington v. State, 274 S. W. 599; Rodriguez v. State, 286 S. W. 226.

**3.—Same—Remarks of Court—Held Proper.**

Where appellant, while testifying, had several times injected into his testimony statements not responsive to questions, and upon objection of the State the court admonished him not to volunteer any further statements, no error is shown.

**4.—Same—Charge of Court—On Weight of Testimony—Harmless Error.**

Where on his trial appellant admitted that he treated prosecuting witness and received pay therefor, and it was shown that he was without legal authority to do so, his objections to the court charge that it was upon the weight of the evidence would not under Art. 666 C. C. P. call for the reversal of his case. See Maier v. State, 90 Texas Crim. Rep., 459 and Trammel v. State, 100 Tex. Crim. Rep. 412.

**5.—Same—Charge of Court—Not Properly Excepted To.**

Where appellant complains of the charge of the court and it is not shown that his objections to the charge were made in writing and presented to the court before his main charge was read to the jury, no error appears. See Art. 658 C. C. P., 1925.

ON REHEARING.

**6.—Same—No Error Presented.**

On rehearing do not think that our determination of appellants plea of jeopardy, as set out in the original opinion, was incorrect, and his motion for a rehearing is overruled.

Appeal from the County Court of Lamar County.   Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for a violation of the Medical Practice Act, penalty a fine of $50.00 and 15 days in jail.

The opinion states the case.

*Johnson, McCoy & McMullan,* of Paris, and *Frank Winter,* of La Crosse, Wis., for appellant.

*Chas. L. Black, Robert M. Turpin, Sam D. Stinson,* States Attorney and *Robt. M. Lyles,* Assistant States Attorney for the State.

BAKER, Judge.—The appellant was convicted of violating the Medical Practice Act, and his punishment assessed at a fine of $50.00 and 15 days in jail.

The appellant was charged by complaint and information, under Art. 739, P. C., in the first count, with unlawfully treating and offering to treat J. R. Cassidy on or about September 1, 1926, without first having obtained a license and certificate of professional qualification from the Texas State Board of Medical Examiners; and in the second count with treating and offering to treat said Cassidy on or about September 1, 1926, for a disease and disorder, and receiving money therefor, without first obtaining a license from the Texas State Board of Medical Examiners and having same recorded in the office of the district clerk, as required by law.

The State's witness, Cassidy, testified that the appellant maintained an office in the city of Paris; that he, Cassidy, injured his back in lifting a box during the summer of 1926; that he called upon appellant for an adjustment; that appellant gave him one treatment on the occasion of his first visit and two more treatments thereafter; that in giving said treatments the appellant ran his hands up and down the witness' backbone and brought pressure to bear thereon; and that for said treatments the witness paid appellant $5.00.

The appellant took the stand in his own behalf and testified that he was a chiropractor; that he had practiced his profession in the city of Paris for 6 years, and followed no other business; that he examined the witness Cassidy and found that some of the vertebrae in his spinal column were not in proper alignment, and that he adjusted same for Cassidy, receiving $5.00 for his services.

The record contains 8 bills of exception. In bill No. 1 appellant complains of the action of the court in sustaining the state's motion to strike out his plea of former jeopardy. This bill

discloses that the appellant based his plea upon the fact that he had previously been acquitted under a complaint and information alleging that he had violated the Medical Practice Act by practicing medicine upon Mrs. Vera Spann and divers other persons on or about February 6, 1926. The court committed no error in striking out the plea of former jeopardy, because said plea showed upon its face that the former information charged appellant with treating Mrs. Vera Spann at another and different time from the treatment of the witness Cassidy involved in the instant case. Consequently, the acquittal on the former charge could not be jeopardy under the instant information. Byrd v. State, 72 Tex. Crim. Rep. 265, 162 S. W. 363; Young v. State, 78 Tex. Crim. Rep. 305, 181 S. W. 472.

Bill No. 2 raises the same question discussed in bill No. 1, and consequently requires no additional consideration.

In bill of exception No. 3 appellant complains of the refusal of the court to permit him, on cross-examination of the district clerk, to interrogate her relative to why one of the pages in the medical register had been cut out, after the witness had testified that said register did not contain any license or verification license issued by the State Board of Medical Examiners to the appellant. This bill is defective in failing to state what the witness' answer to said question would have been. This court has frequently held that a bill of exception, to be sufficient, must show error upon its face; otherwise, this court will not consider same. Hennington v. State, 274 S. W. 599; Rodriguez v. State, 286 S. W. 226. However, we fail to see how the rejection of this testimony could have injured the appellant, since he testified in the case and admitted that the State Board of Medical Examiners had never issued a license to him.

In bill No. 4 complaint is made to the remarks of the court to appellant while the latter was a witness. It appears that appellant's counsel asked him whether or not he had a chiropractor's license, to which the state objected upon the ground that same was irrelevant and immaterial, whereupon appellant stated to counsel representing the state, "There are about 500 of us." The state's attorney objected to this remark and moved the court that same be stricken out, in response to which motion the court stated to appellant, "The next time you make a remark like that you will be in contempt of court. You should have learned by this time not to speak in court unless you are asked a question." The court then stated to the jury, "You gentlemen of the jury will not consider any remarks made by the defendant or any other person except in reply to questions asked." The

appellant excepted to the remarks of the court as being prejudicial. This bill of exception shows that all of the jurors, upon being examined, stated that they knew of appellant having been tried before, and knew the results of the cases, but that they would not be influenced either way by reason of such knowledge. This bill, under the facts of the case, shows no error.

Bills 5 and 6 complain of the court's charge as being upon the weight of the testimony, and of the failure of the court to give a special charge on said issue presented by the appellant. Conceding that the appellant's contention is true, we would not be authorized to reverse this case in view of Art. 666, C. C. P., which forbids a reversal on the charge in the absence of error calculated to injure the rights of the appellant. The appellant having admitted that he treated the prosecuting witness and received pay therefor, then the court's charge, even if upon the weight of the testimony, would be harmless. Maier v. State, 90 Tex. Crim. Rep. 459, 235 S. W. 576; Trammell v. State, 100 Tex. Crim. Rep. 412, 273 S. W. 602.

In bill of exception No. 7 complaint is made to the action of the court in charging the jury on the prima facie feature of the appellant's failure to record with the district clerk his medical license and certificate, under Art. 739, P. C. The appellant contends that this charge was upon the weight of the evidence. This bill is defective in failing to show that the appellant made timely objection in writing to said charge before it was read to the jury, as required by Art. 658, C. C. P., and in failing to show that he presented a correct special charge covering this point at the proper time, as required by Arts. 659 and 660, C. C. P. In addition, what we have said relative to bills 5 and 6 is also applicable to this bill.

In bill No. 8 complaint is made to the refusal of the court to grant appellant 30 days within which to prepare the statement of facts and bills of exception. The statement of facts and bills of exception are filed, and there is no error shown in this bill.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant interposed a plea in bar upon the ground of former acquittal. In the plea it is averred that on the 6th day of February, 1926, he was charged with "unlawfully practicing medicine upon Mrs. Vera Spann and divers other persons." Upon the trial he was acquitted. The present trial was upon an information charging that the appellant, on the 1st day of September, 1926, did unlawfully practice upon J. R. Cassidy. There is no specific averment as to the identity of the transactions. If the words "divers other persons" were effective to charge an offense in treating any person other than Mrs. Spann, which is very doubtful, the plea, in failing to aver that Cassidy was one of the "other persons," falls short of the legal requirement that such plea must show the identity of the transaction. The only averment on that subject in the plea is that "the facts in the Spann case and the Cassidy case are the same." To avail himself of the plea of former acquittal, the transactions must be the same, and the two indictments sustainable by the same proof. See Wright v. State, 17 Tex. Crim. App. 152; Vernon's Texas C. C. P., 1925, Vol. 1, p. 399; Andrus v. State, 286 S. W. 1088. See also Art. 508, C. C. P., 1925; Spannell v. State, 83 Tex. Crim. Rep. 418; Fehr v. State, 36 Tex. Crim. Rep. 425; Bishop's New Crim. Law, Vol. 2, p. 634. Moreover, the statute seems to negative the sufficiency of the plea in that each day would be a separate offense, and apparently each person treated would likewise be a separate offense. The nature of the criminal act is one applicable to an individual and not to a collection of individuals. See Byrd v. State, 72 Tex. Crim. Rep. 265.

In refusing to submit the plea of former acquittal to the jury, in our opinion, no error was committed.

The motion for rehearing is overruled.

*Overruled.*