## ELI GRAY v. THE STATE.

No. 11733.   Delivered June 13, 1928.
Rehearing granted March 27, 1929.

The opinion states the case.

*Clay Cotton* of Palestine, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—What purports to be a transcript of the proceedings in this cause is certified by the Clerk as follows:

"THE STATE OF TEXAS

COUNTY OF ANDERSON:

I, E. L. Daly, Clerk of the County Court Anderson County, Texas, do hereby certify that the foregoing is a correct list of all criminal actions decided in the County Court of said County at its October Term A. D. 1927, in which the defendant appealed to the Court of Appeals of said State.

WITNESS my signature and seal of office this the 27th of February A. D. 1928.

(Signed) E. L. Daly,
Clerk, County Court, Anderson County, Texas."

This does not comply with Art. 2282, Revised Statutes, 1925, and Art. 841, C. C. P.

Motion has been made by the State's Attorney to dismiss the appeal because no certificate appears to the transcript. The purported transcript contains the only statement of facts accompanying the record.

There being no record properly before this Court for consideration, the State's motion is granted and the appeal is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MARTIN, JUDGE.—This appeal was dismissed at a former term of this Court because of an imperfect record. The record has been perfected, the appeal is reinstated and the case will be considered on its merits.

The offense is wife desertion, the penalty a fine of $25.00.

The parties to this controversy are all negroes. The evidence of prosecuting witness, Rosetta Gray, is in substance that she and appellant were married in January, 1927, as a result of appellant's seduction of her. They went to live in the home of appellant's father; that while there there occurred no quarrels or other disagreements between her and appellant; that in March, 1927, she and appellant's sister engaged in a quarrel and that she filed a complaint against appellant's sister for abusive language, which resulted in an acquittal of the sister of appellant; that the County Attorney then advised her to not return to the home of appellant's father and she thereupon went to the.home of her mother, where she had been since. Witness does not claim that appellant ever mistreated her or that he took the part of his sister, whom she charges with doing so. It appears further that the jury apparently found against prosecuting witness with respect to the transaction with his sister.

As part of the State's case it was indispensably necessary to prove beyond a reasonable doubt that appellant's desertion, if any, was without justification. Boattenhamer v. State, 84 Tex. Crim. Rep. 210. Under the terms of the statute itself such desertion must have been wilful. Art 602, P., C. See also Dickey v. State, 82 Tex. Crim. Rep. 154; Mercardo v. State, 86 Tex. Crim. Rep. 559.

We think the evidence is entirely insufficient to show a wilful desertion, or any desertion for that matter.

The judgment is accordingly reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.