JACK WINNEGAR v. THE STATE.

No. 14285. Delivered June 24, 1931.
Rehearing Denied October 21, 1931.

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

What purports to be a transcript of the proceedings in this cause is certified by the clerk as follows:

"THE STATE OF TEXAS, COUNTY OF HARTLEY:

"I, Noble Thomas, Clerk of the District Clerk in and for said County and State, do hereby certify that the foregoing Eighty-one pages, numbered from One to Eighty-one inclusive, is made up, partly from the minutes, and partly from copies furnished by Defendant's Attorney, and that the original papers were taken from my office by Defendant's Attorney, and he is charged with them, and they have not been returned, as to the proceedings had in said Court in the Case of The State of Texas, Vs, Jack Winnegar, Numbered 263 on the docket of said Court.

"GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS THE 21st day of February, A. D. 1931. (Signed) Noble Thomas, Clerk of District Court, Hartley County, Texas."

The clerk does not certify to the correctness of the transcript. Such certificate does not state whether the same is a transcript of all of the proceedings in the cause or a transcript agreed· upon by the parties. The certificate does not comply with article 2282, R. C. S., 1925, and with article 841, C. C. P.

The transcript not being properly certified to, we cannot entertain jurisdiction, and the appeal will therefore be dismissed for failure to comply with the law. Ex parte Newman et al (Texas Crim. App.), 20 S. W. (2d) 785; Gray v. State, 112 Texas Crim. Rep., 179, 15 S. W. (2d) 641; Ray v. State, 89 Texas Crim. Rep., 401, 231 S. W., 396.

We wish to state in passing that there is nothing in the record showing that after notice of appeal had been given that the record or any portion thereof had been lost or destroyed, but if such is the case, then the proper procedure is found under article 828, C. C. P. (1925).

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This court has no desire to indulge in strictures to any unnecessary extent. The certificate of the district clerk, set out in our judgment of dismissal to the effect that subsequent to the trial appellant's attorney took from the office of said clerk all the papers in this case and had not returned them so as to enable the clerk to make out a correct transcript, reflects a rather serious proposition. As appears from the date of said certificate, same was made in February, 1931. There is nothing in the record to support any conclusion that the papers had been returned to the clerk's office, or that any method, in accordance with law, had been sought to have same substituted. In connection with his motion to reinstate the appeal, appellant presents an unsworn request of his attorney for a writ of certiorari. Same is entirely inadequate. In addition to not being sworn to (See Rule 11 for appellate courts, 2 Texas App., 627, and Ball v. State, 31 Texas Crim. Rep., 214, 20 S. W., 363), there is nothing in the motion setting out, in substance or tenor, the missing papers, or any attempt to describe them so that this court might know whether the granting of a writ could accomplish any result.

The motion to reinstate the appeal is denied.

*Denied.*