HAYWOOD BURLESON v. THE STATE.

No. 18687.   Delivered January 13, 1937.
On the Merits March 10, 1937.

The opinion states the case.

*R. Temple Dickson,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of two hundred dollars and confinement in jail for thirty days.

The caption fails to show the date of the adjournment of the trial court. Under the decisions, this defect requires the dismissal of the appeal. Miller v. State, 86 S. W. (2d) 460.

No sentence appears in the record. The offense of which appellant was convicted being a felony, it was the duty of the trial court to pronounce sentence upon the judgment of conviction. Under the decisions, an offense is a felony which is punishable by confinement in the penitentiary, even though it also carries, as an alternative punishment, a fine or imprisonment in the county jail. McCloud v. State, 60 S. W. (2d) 237. In the absence of a sentence this court is without jurisdiction. McCloud v. State, supra.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Witnesses for the State testified that on the 2nd of October, 1935, appellant, while intoxicated, drove his automobile on Texas State Highway No. 1 in Nolan County; that in driving said car from one side of the road to the other he collided with another car; that there was a bottle in appellant's car, with a little whisky in it. Testifying in his own behalf, appellant denied that he was intoxicated on the occasion in question. However, he admitted that he had taken a drink of whisky. Witnesses for appellant expressed the opinion that he was not drunk when the collision occurred.

The only bill of exception brought forward relates to the refusal of the trial court to grant appellant's second application for a continuance. Said application was based on the absence of Mr. and Mrs. J. L. Russ and L. C. Tuttle. The witnesses had not been served with subpoenas. It was averred that said witnesses would testify that appellant was not intoxicated when he collided with the automobile of Mr. and Mrs. Russ. It appears from the averments in the application that the residence of J. L. Russ and wife was unknown. Moreover, it appears that on January 13, 1936, appellant had issued process to Angelina and Lamb Counties for said witnesses and that said subpoenas had been returned unserved for the reason that the witnesses could not be found. Thereafter appellant had process issued to Nolan County for said witnesses, but the sheriff of said county was unable to locate them. The trial was had May 12, 1936. Appellant filed his motion for a new trial May 14, 1936, which said motion was overruled May 28, 1936. The testimony heard on the trial of the case warranted the conclusion that J. L. Russ and his wife were transients and that there was no probability that by a continuance of the case they could be located and their attendance secured. If appellant and his counsel had been unable to locate them from January, 1936, until May 28th of the same year, what assurance is there that they would have been able to have located them if the second application for a continuance had been granted? Under the circumstances, in acting on the motion for a new trial, the trial judge was, in our opinion, justified in concluding that there was no probability that the attendance of the witnesses could be secured. Hence the rule laid down in Hall v. State, 185 S. W., 575, and Ellis v. State, 185 S. W., 997, is applicable. As to the

witness Tuttle, it is observed that appellant proved upon the trial that he was in the automobile with appellant, and was drunk. One of appellant's witnesses, in describing the condition of Tuttle, said: "He was as drunk as a bear." If the witness was in the condition mentioned it is not likely that a jury would acquit appellant upon his testimony, and discredit the testimony of witnesses for the State to the effect that appellant was intoxicated. We think the application for a continuance was properly overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.