

# The Attorney General of Texas

December 31, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797.
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Benjamin Euresti, Jr.
Cameron County Attorney
974 E. Harrison Street
Brownsville, Texas    78520

Opinion No. JM-412

Re: Whether a "casino nite" sponsored by a school district would violate the Penal Code prohibitions against gambling

Dear Mr. Euresti:

You ask whether a "casino nite" sponsored by a school district would violate the Texas Penal Code prohibitions against gambling. The "casino nite" described in your letter will be part of a graduation function in which each student will be given a set amount of play money to use at various tables where cards or other games of chance are to be played. At a preset time, the games will close and the play money will be used either to bid in an auction for donated prizes or to enter lotteries for donated prizes. No charge will be made to any student, as an admission fee or otherwise, for taking part in the "casino nite."

Based on these facts, you ask several questions about specific provisions of the Texas Penal Code regarding gambling. All of your questions, however, relate either to the elements of or to the defenses to the criminal offense of gambling. The offense of gambling is set forth in section 47.02 of the Penal Code:

(a)   A person commits an offense if he:

(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest;

(2) makes a bet on the result of any political nomination, appointment, or election or on the degree of success of any nominee, appointee, or candidate; or

(3) plays and bets for money or other thing of value at any game played with cards, dice, or balls. (Emphasis added).

The term "bet," as used in this section, is defined in section 47.01 as follows:

> (1) 'Bet' means an agreement that, dependent on chance even though accompanied by some skill, one stands to win or lose something of value. . . . [Followed by exceptions not applicable here].

The legal meaning of "bet" involves not only the ultimate winning of something of value but the initial giving or agreement to give something of value. See Odle v. State, 139 S.W.2d 595, 597 (Tex. Crim. App. 1940, no writ) rev'd on other grounds, 578 S.W.2d 411, 413 n. 1 (Tex. Crim. App. 1979); Ellis v. State, 189 S.W. 1074, 1075 (Tex. Crim. App. 1916, no writ). Thus, in Texas, three basic elements comprise the offense of gambling: consideration, chance, and prize.

In the "casino nite" format that you describe in your request letter, no charge will be made to any student for taking part in the "casino nite." In Monte Carlo Parties, Ltd. v. Webb, 322 S.E.2d 246, 248 (Ga. 1984), the Georgia Supreme Court construed a Georgia gambling statute that is similar to the Texas statute and concluded that a "Casino Night" format in which no guest is required to part with anything of value to participate in games lacks the consideration element of the offense of gambling. A Texas court applied similar reasoning with regard to a "lottery," a subcategory of gambling offenses under section 47.03(5) of the Texas Penal Code, and concluded that an offense occurred, in part, because the players were required to purchase bingo cards in order to participate. See State v. Amvets Post Number 80, 541 S.W.2d 481, 482 (Tex. Civ. App. - Dallas 1976, no writ). Consequently, we believe that the essential element of consideration in the offense of gambling is missing from the "casino nite" format that you describe.

## SUMMARY

A "casino nite" format in which no person gives or promises to give anything of value in order to participate lacks the element of consideration that is essential to the offense of gambling under section 47.02 of the Texas Penal Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General