### MRS. C. H. FLOYD v. THE STATE.

No. 11088.    Delivered November 2, 1927.

**1.—Theft, a Misdemeanor—Charge of Court—Objections To—Must Be Presented in Time.**

Where objections to the court's charge were presented for the first time in appellant's motion for a new trial they came too late. Under Art. 658, C. C. P., 1925, objections and exceptions to the court's charge must be presented in writing before the charge is read to the jury.

**2 —Same—Evidence of Other Offenses—Improperly Admitted.**

Where appellant was on trial for theft of ten dollars from one Watkins, it was reversible error to permit the state to prove that she had theretofore stolen a diamond ring from one Nislar. Appellant had never been prosecuted for such offense, and there was no connection shown between these extraneous offenses and the case on trial.

Appeal from the County Court of Lubbock County. Tried below before the Hon. Chas. Nordyke, Judge.

Appeal from a conviction for misdemeanor theft, penalty a fine of $100 and thirty days in jail.

The opinion states the case.

*Owen W. McWhorter* of Lubbock, for appellant. On proof of extraneous offenses, appellant cites: Payne v. State, 148 S. W. 694; Hearne v. State, 97 S. W. 1050; Allen v. State, 73 S. W. 958; James v. State, 49 S. W. 401.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property under the value of fifty dollars, punishment is assessed at a fine of $100 and thirty days' confinement in the county jail.

The state's case was that appellant obtained $10.00 from one Wallace by pretending to sign a check on the Spur National Bank for that amount, but which check in fact was handed to Wallace unsigned and folded. Appellant's defense was that Wallace had loaned her the $10.00.

Many complaints are directed at the court's charge in the motion for new trial. None appear to have been made at the time of trial. Under Art. 658, 1925 C. C. P., and many authorities construing it, objection to the court's instructions comes too late which, for the first time, is presented in motion for new trial.

While appellant was being cross-examined the state elicited from her, over objection, that she had obtained from one Watkins some rings and went into the details of the Watkins transaction. Also, over objection, the state was permitted to cross-examine her as to certain charges claimed to have been made by her against one Nislar. Watkins and Nislar were then called by the state and also, over objection, were permitted to give their versions in detail of the respective transactions. Both the examination of appellant and that of the two witnesses was objected to on the ground that the incidents were entirely

collateral and extraneous and not in any way connected with the transaction under investigation. It does not appear that any prosecutions were ever lodged against appellant growing out of the transactions with Watkins and Nislar. We discover no exception under which the testimony here complained of could be admitted without offending against the general rule prohibiting proof of extraneous crimes or transactions. The testimony of the chief of police relative to the transactions mentioned was likewise inadmissible. But for the allegations in the complaint and information charging theft from Wallace it would be difficult to ascertain from the record whether the state was prosecuting appellant for theft of ten dollars from Wallace or theft of diamond rings from Watkins.

It is made to appear by other bills of exception that appellant was asked on cross-examination, over objection, if she had not on other occasions sought to borrow money from named parties. We fail to see the relevancy or materiality of such inquiry under the facts before us, and upon another trial such investigation should be omitted unless the inquiry becomes permissible under some phase of the case not reflected by the present record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*