## AGNES HILL v. THE STATE.

No. 12042.   Delivered November 28, 1928.

The opinion states the case.

*John H. Barlow* of Galveston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was tried under an indictment which charged her with assault with intent to murder. The court charged as to that offense and also upon aggravated assault. Conviction was for the latter offense. Punishment assessed was imprisonment in the county jail for two years and a fine of $100.00.

No statement of facts nor bills of exception are found in the record.

The only point made by appellant in her brief is that fundamental error appears in the record because in the court's instruction to the jury appellant's defense to aggravated assault is made to depend on whether she was defending against an attack producing fear of death or serious bodily injury. We are referred to Britton v. State, 95 Tex. Cr. R. 209, 253 S. W. 519 and the authorities therein cited as supporting appellant's contention. Those cases hold that a person may defend against any unlawful attack whether or not it threatens death or serious bodily injury. This unquestionably is the law, but it does not follow that without any knowledge of the facts proven, and in the absence of any kind of objection to the charge of the court, we could properly say the instruction now criticized was fundamental error. The statute requires objection to the charge to be made in writing at the time of trial. Art. 658 and 666 C. C. P. Had this been done doubtless the court would have responded by amending his charge if the proven facts demanded the correction. Furthermore, if the facts were before us it might appear beyond question that if an error occurred it was not calculated to injure appellant, in which case no reversal could be ordered under the very terms of the statute itself. Art. 666 C. C. P.

The judgment is affirmed.

*Affirmed.*