## M. K. Simmons v. The State.

No. 12478.   Delivered May 15, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*A. J. Clendenen* of Ft. Worth, *J. C. Russell* of Sinton and *E. G. Lloyd, Jr.,* of Alice, for appellant.

*W. B. Moss, J. G. Gayle,* District Attorney, *J. W. Ragsdale* and *A. A. Dawson,* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for 20 years.

A former appeal of this case is reported in 3 S. W. (2d) 449.

In defining malice the court charged the jury as follows:

"Malice in a legal sense denotes a wrongful act done intentionally without just cause or excuse. The intentional doing of an unlawful act in such a manner and under such circumstances as that the death of a human being may result therefrom is malice. In this connection you are instructed that one who deliberately uses a deadly weapon in such a reckless manner as to evidence a heart regardless of social duty and fatally bent on mischief, *as is shown by firing a pistol in the direction of where he knows a human being is standing, and in such proximity to him as that, if struck by such shot, serious bodily injury or death may result, would in law constitute malice.*"

That portion of the charge we have *underlined* was objected to on the ground that it was a charge on the weight of the evidence.

It was in evidence from the state's only eye witness that appellant fired three shots. Two of the shots struck deceased, one in the side and the other in the arm. The third shot was fired in the air at an angle of about 45 degrees. At the time the shots were fired appellant was standing on the running board of an automobile while deceased, who was holding on to an open door on the opposite side of the car with one foot on the ground and the other on the running board, was facing appellant. Appellant was maudlin drunk and deceased was also in an intoxicated condition. When the first shot was fired deceased said: "Look out, Simmons, or you will hit me." After the third shot was fired the state's witness ran to appellant, took the pistol away from him and threw it away. Deceased said: "I am shot." Appellant said: "Let's get a doctor, I'll get a doctor. Bud, did I shoot you? I didn't shoot you, did I, Bud?" No motive for

the killing was shown. On the contrary it appears that appellant and deceased were friends. Immediately prior to the shooting they were conversing in friendly tones. No witness saw appellant point his pistol at deceased. The only flash of a pistol seen by the state's witness was not towards deceased, but upward at an angle of 45 degrees. Testifying in his own behalf appellant declared that he knew nothing concerning the immediate transaction resulting in the death of deceased; that he had become maudlin drunk; that a limb of a tree had struck him on the head when his automobile had struck a tree. The fact that the parties had run into a tree and that appellant had been struck on the head by a limb was testified to by the state's witness. The law of temporary insanity was submitted in the charge of the court. On the former appeal a reversal was predicated, among other things, on the failure of the court to submit a charge on the law of negligent homicide. We quote from the opinion as follows:

"If the pistol of appellant was fired with no apparent intention to kill, but under circumstances making apparent the danger of causing the death of the person killed or some other, the issue of negligent homicide is present in the case."

On the present trial a charge covering the law of negligent homicide was submitted to the jury. The facts raising the issue of negligent homicide show that appellant fired the pistol in the direction of where he should have known that deceased was standing, and that deceased was within 4 or 5 feet of appellant at the time.

The court in effect instructed the jury that the firing of the pistol by appellant under the conditions shown by the record would constitute malice. This was an invasion of the province of the jury. Under such instruction they were deprived of the right to determine from all of the facts and circumstances in evidence whether appellant was impelled by malice when he fired the fatal shots. It is true that the jury may infer malice from the use of "a deadly weapon in such reckless manner as to evince a heart regardless of social duty and fatally bent on mischief," as is shown by firing a pistol in the direction of where one knows a human being is standing under such conditions that if such person is struck serious bodily injury or death may result. Banks v. State, 85 Tex. Cr. Rep. 165. On the other hand, where there is evidence from which the jury might find that there was no apparent intention to kill the jury should be left at liberty to conclude that there was no malice. The identical facts held by this court to raise the issue of negligent homi-

cide were relied upon by the state to show malice. Hence it would seem that the effect of the charge on malice was to destroy the efficacy of the charge covering the law of negligent homicide. The question as to whether appellant's act in firing in the direction of deceased constituted malice was for the jury and not for the court. We think it is obvious that the charge was on the weight of the evidence and that under the facts disclosed by the record appellant was prejudiced thereby. Article 658 C. C. P. provides:

"In each felony case the judge shall, before the argument begins, deliver to the jury a written charge, distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury."

In Vernon's Annotated Code of Criminal Procedure of Texas, Volume 2, Note 91 under Article 658, many authorities are cited in support of the proposition that under said article "the charge should be entirely free from intimating any opinion as to the weight of the evidence."

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

LATTIMORE, Judge.—The State strongly urges that we erred in holding in our original opinion that the charge given, a part of which was quoted in the original opinion, was on the weight of the evidence. The jury were told that one who deliberately uses a deadly weapon in such reckless manner as to evidence a heart regardless of social duty and fatally bent on mischief, * * * this would in law constitute malice, and that this would be shown by the firing of a pistol in the direction of where he knows a human being is standing and in such proximity to him that, if struck by such shot, serious bodily injury or death might result. In other words, that the firing of the pistol in the direction of where the accused knew a human being to be standing, and in such proximity to such human being as that if struck by such shot, serious bodily injury or death might

result,—this would be the equivalent of deliberately using a deadly weapon in such a reckless manner as to evidence a heart regardless of social duty and fatally bent on mischief. We cannot agree to this proposition. If A shoots at a mark or target held for him by B, and by accident or bad marksmanship the bullet strikes B, this would necessarily be the firing of a pistol in the direction of where A knew a human being to be standing, and in such proximity to him as that if struck by the bullet serious bodily injury or death might result,—but this would not necessarily be a deliberate use of a deadly weapon in such a reckless manner as to evidence a heart regardless of social duty and fatally bent on mischief, and would not necessarily be malice. If A and B should be chasing fowls in the yard or lot, and A shoot at them at a time when B was near by, and the shot strike B, this would be within the comprehension of one of the expressions above used, but not necessarily within the comprehension of the other. If an officer shoot at the tires of an automobile in an effort to prevent the escape of one charged with crime, and strike the occupant of the car, this would hardly be held a deliberate use of a deadly weapon in a manner evidencing a heart regardless of social duty and fatally bent on mischief, and certainly it would be error to tell the jury affirmatively that one who had so acted must have acted upon malice. One might shoot down a street at a fleeing thief who was in possession of property just stolen, and the sole purpose of the person shooting might be to retake the property, and the effect of such firing might be to strike another person on the street; such act might be within the comprehension of one of the definitions or rules above referred to, but would not necessarily be within the other. Illustrations might be multiplied. We see no reason to change our opinion that that part of the charge discussed in said opinion was upon the weight of the evidence.

There is another expression in that part of the charge quoted in the original opinion in the definition of malice which, if not here disapproved, might in some way be regarded as having our approval. It is possible that the error of such expression has escaped us in some other case, but if so,—it need not be further so overlooked or repeated. The jury were told "The intentional doing of an unlawful act in such manner and under such circumstances as that the death of a human being may result therefrom is malice." Let us see. Art. 480 P. C. denounces as unlawful the shooting of any firearm of any kind on or across any public square, street or alley in a town or city, near the business houses of such town or city. If one in an alley

of some town set up a box target and shoot at it with a 22 target rifle, he could be fined under said Art. 480, supra, but if in so doing, he shoot and kill a man who might have just stepped down to cross such alley, would this be a killing upon malice? Could a man in such case be convicted for murder? He unquestionably intended to do an unlawful act and was violating the terms of Art. 480, supra, and it might have been done under circumstances so that death of a human being could result therefrom.

Negligent homicide in the second degree is defined in Arts. 1238-43 P. C., and comprehends the doing of an unlawful act, which act the doer may clearly intend to do, yet in charging the jury in such case it would be entirely proper to tell them that one who did by negligence and carelessness cause the death of a human being, would be guilty of negligent homicide of the second degree, etc., and this would be true even though the facts show the wrongful act to have been intentionally done. That the "unlawful act" referred to was done intentionally would not make such homicide one upon malice. It would seem then clearly wrong to tell the jury that if one intentionally did a wrongful act in such manner and under such circumstances as that death of a human being might result, it would be malice.

We are inclined to agree with appellant's contention that our language as follows: "That no apparent intention to kill deceased appeared, but that under the circumstances there was apparent danger of killing deceased when the pistol was fired in his direction," was to some extent an invasion of the province of the jury, and same will be withdrawn from said opinion so as not to appear therein, otherwise the motion for rehearing is overruled.

*Overruled.*