ALBERT SPENCER V. THE STATE.

No. 18289.   Delivered May 13, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*G. de Graffenried*, of Marshall, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of twenty-five years.

Appellant contends that his conviction is not justified by the testimony. The record shows that while the appellant, the deceased, and a number of other negroes were returning from a ball game in a truck they passed a kinsman of the appellant, about whom the deceased made an uncomplimentary remark, which offended the appellant. This precipitated a heated argument in which the deceased threatened to push appellant from the truck, whereupon the appellant stabbed him in the chest and cut him on the arm. The knife, which the appellant used, was described by some of the witnesses as an "East Dallas Special" with a blade four inches long. Appellant denied that he had such a knife, but contended that he had a smaller one with a two inch blade. He did admit, however, that some two or three months prior to the homicide he owned an "East Dallas Special" knife. It was further shown by the testimony that at the time the appellant stabbed the deceased he said: "Goddamn you. I had it in for you anyhow." We think that the testimony above set out raised the issue of murder with malice

and warranted the jury in finding the defendant guilty of murder with malice. It is true the appellant testified that he stabbed the deceased in self-defense and that from a demonstration by the deceased he was led to believe that deceased was going to push him off the truck, which was then traveling at a speed of some twenty-five or thirty miles an hour, and if he had done so, it might have resulted in death or serious bodily injury to him. The issue of self-defense thus raised was submitted to the jury under an appropriate instruction from the court which the jury decided adversely to him.

By bill of exception number one appellant complains of the trial court's definition of the term "malice aforethought." The trial court defined "malice aforethought" as follows: "Malice is the intentional doing of a wrongful act toward another without legal justification or excuse, and it is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken." Thus, it will be seen that the definition of the term as given by the court included all of the elements of malice aforethought.

By bill of exception number two the appellant complains of the action of the trial court in failing to charge the jury that he had a right to continue to cut the deceased as long as he reasonably thought his life to be in danger, or as long as it reasonably appeared to him he might suffer serious bodily injury. The failure of the court to so charge prompted him to address an exception thereto within the time prescribed by law. The court qualified said bill of exception and in his qualification states that neither the defendant or any witness in his behalf testified that deceased made any attempt to injure the defendant after he was first stabbed. The bill as thus qualified fails to disclose any error.

By bill of exception number three appellant complains of the action of the trial court in permitting Frank Johnson, who had probed the wound, after describing the different wounds on the body of the deceased to testify as follows: "My answer would be, I thought it could make the wound in the chest with this knife, with the exception of the whole handle would be involved, and I don't see how a man could hold it with his hand and do that." While it may not have been permissible for the witness to express his opinion, yet he had testified to the wounds and having the smaller of the two knives exhibited to him, all of which was before the jury, it does not appear to

us to be of such prejudicial nature as would require reversal of this case.

By bill of exception number four appellant complains of the action of the trial court in his charge in failing to define the term "deadly weapon." The bill of exception upon its face shows that no objection was made by the defendant to the court's charge by reason thereof. If the appellant had addressed an objection to the court's charge and called the court's attention thereto, the court would probably have responded to the objection and defined the term. Under the circumstances, the bill fails to reflect any error.

Bill of exception number five reflects the following occurrence. The State was permitted, over the appellant's objection, to elicit from the witness Gaston Walker the following: "Q. Did you at that time see Albert Spencer, defendant? A. If I did, I didn't pay any attention. Q. Did anybody say who cut R. C.? A. When I got around to see whether he was cut real bad, I asked who cut him and someone said Albert Spencer"—to all of which the appellant objected on the ground that it was a statement of a bystander made out of the presence and hearing of the defendant and was not such a statement as required an answer of the defendant. The court qualified the said bill and in his qualification states that defendant testified in his own behalf that he cut the deceased and defendant also proved by Joe Brown that he, the defendant, cut the deceased. Hence the same testimony as that objected to was offered by the appellant. Under such circumstances no error is shown.

Bill of exception number seven shows that defendant for the first time in his motion for a new trial complains of the court's failure to instruct the jury on the law of aggravated assault. If the appellant desired to have the court instruct the jury on the law of aggravated assault, he should have objected to the charge within the time prescribed by art. 658, C. C. P., 1925. See, also, Blackwell v. State, 107 Texas Crim. Rep., 58, 294 S. W., 852; McCoy v. State, 107 Texas Crim. Rep., 204, 296 S. W., 574; Floyd v. State, 108 Texas Crim. Rep., 114, 299 S. W., 263; Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116; Kincaid v. State, 111 Texas Crim. Rep., 1, 10 S. W. (2d) 725; Hill v. State, 111 Texas Crim. Rep., 65, 11 S. W. (2d) 320; Lane v. State, 111 Texas Crim. Rep., 367, 12 S. W. (2d) 1027.

Bill of exception number eight is overruled for the same reason that we overrule bill of exception number seven.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant renews his criticism of the court's charge defining malice. As indicating that the criticism is without foundation when the charge taken as a whole is considered see Pruitt v. State, 114 Texas Crim. Rep., 281, 25 S. W. (2d) 870; Williams v. State, 117 Texas Crim. Rep., 459, 34 S. W. (2d) 886; Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515; Spicer v. State, 120 Texas Crim. Rep., 440, 46 S. W. (2d) 685.

Appellant urges again that the court should have charged that appellant had the right to continue his attack upon deceased as long as appellant had reason to believe his life was in danger. A re-examination of the facts fails to convince us that such an instruction was called for. See Walker v. State, 98 Texas Crim. Rep., 663, 267 S. W., 988, in which many authorities are cited.

Appellant also complains that his bill of exception number six was not discussed in our original opinion. The bill is entirely too general to present error. It brings forward complaint because the court would not permit a character witness for appellant to explain the circumstances of some transaction which upon cross-examination he had testified about, but wholly fails to set out what such explanation would have been.

We deem it unnecessary to discuss the other points urged in appellant's motion. Believing the case to have been properly decided, the motion for rehearing is overruled.

*Overruled.*