

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 11, 1947

Honorable J. G. Lyles
County Attorney
Robertson County
Franklin, Texas

Opinion No. V-22

Re: Authority of a deputy
game and fish warden
to enter upon inclosed
land where wild game
is known to range or
stray for any of the
purposes enumerated in
Article 919, Penal
Code, without a search
warrant and over the
protest of the owner
thereof.

Dear Sir:

This is in reply to your letter dated November 22, 1946, wherein you request the opinion of this department relative to the following question, and we quote:

"A, the owner and lessor of inclosed lands, has leased his lands to other parties for hunting purposes, and has complied with Article 908, Penal Code. A refuses permission to Game Warden to search his leased premises.

"Question: Does Game Warden have legal authority to enter A's premises over his protest without having obtained a legal search warrant?"

Article I, Section 9, Texas Constitution, provides:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue

witnout describing them as near as may be,
nor witnout probable cause supported by
oath or affirmation."

The Fourth Amendment to the Constitution of
the United States reads as follows:

"The right of the people to be se-
cure in their persons, houses, papers, and
effects, against unreasonable searches and
seizures, shall not be violated, but no
warrants shall issue, but upon probable
cause, supported by oath or affirmation,
and particularly describing the place to
be searched, and the persons or things to
be seized."

Articles 871, 871a, 905, 906, 914, 919,
Penal Code of 1925, Sections 1 and 6 of Article 978f,
Vernon's Annotated Penal Code, and Article 4026, Re-
vised Statutes, read respectively, in whole or in
part as follows:

"Article 871.  'Commissioner'.  The
word 'commissioner' wherever used in this
chapter, shall be held to mean the Game,
Fish and Oyster Commissioner of the State
of Texas."

"Article 871a.  Wild birds and ani-
mals.  All wild animals, wild birds and
wild fowl within the borders of this State
are hereby declared to be the property of
the people of this State."

"Article 905.  Commissioner to en-
force game law.  The Game, Fish and Oyster
Commissioner and his deputies shall have
the same power and authority as sheriffs
to serve criminal processes in connection
with cases growing out of the violations
of this chapter, shall have the same pow-
er as sheriffs to require aid in execut-
ing such process, and shall be entitled to
receive the same fees as are provided by
law for sheriffs in misdemeanor cases.

"Said Commissioner or any of his
deputies may arrest without a warrant any

person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish, and take such person forthwith before a magistrate having jurisdiction. Such arrests may be made on Sunday, and in which case the person arrested shall be taken before a magistrate having jurisdiction, and proceeded against as soon as may be, on a week day following the arrest."

"Article 906. Deputy Commissioners to enforce law. It is hereby made a special duty of the Game, Fish and Oyster Commissioner to enforce the statutes of this State for the protection and preservation of wild game and wild birds; and to bring, or cause to be brought, actions and proceedings in the name of the State of Texas, to recover any and all fines and penalties provided for in the laws now in force, or which may hereafter be enacted, relating to wild game and wild birds. Said Game, Fish and Oyster Commissioner may make complaint and cause proceedings to be commenced against any person for violating any of the laws for the protection and propagation of game or birds without the sanction of the county attorney of the county in which such proceedings are commenced; and in such cases he shall not be required to furnish security for costs."

"Article 914. Special deputy game Commissioners. It shall be the duty of the Game, Fish and Oyster Commissioner to appoint special deputy game commissioners, who shall be ex officio deputy game, fish and oyster commissioners to enforce conservation laws in the various districts of the State, with all the powers of the latter to enforce the game, fish and oyster laws of this State. * * *"

"Article 919. Power of commissioners to enter on lands. The Game, Fish and Oyster Commissioner and his deputies shall at all times have the power to enter upon any lands or water where wild game or fish

are known to range or stray for the purpose of enforcing the game, and fish laws of this State, and for the purpose of making scientific investigations or for research work as to such wild game or fish, and no action in any court shall be sustained against the commissioner or any of his deputies to prevent their entrance upon lands or waters when acting in their official capacity as herein set forth."

"Article 978f. Game, Fish, and Oyster Commission; powers and duties. Sec. 1. The office of Game, Fish and Oyster Commissioner of the State of Texas is hereby abolished. There is hereby created the Game, Fish and Oyster Commission which shall have the authority, powers, duties and functions heretofore vested in the Game, Fish and Oyster Commissioner, except where in conflict with this Act."

"Section 6. Said Game, Fish and Oyster Commission shall have power and authority to appoint an executive secretary who shall act as the chief executive officer under the direction of said Game, Fish and Oyster Commission. The Commission may perform its duties through said executive secretary and may delegate to him such executive duties as said Game, Fish and Oyster Commission shall deem proper. They shall also have power and authority to appoint an assistant executive secretary who, in the absence of the executive secretary, shall perform all the duties of the executive secretary and shall perform such other duties as may be prescribed by the Game, Fish and Oyster Commission or under its direction. Said executive secretary shall have authority to appoint such heads of divisions and such Game and Fish Wardens and other employees as in his discretion may be deemed necessary to carry out and enforce the laws of this State, which it is the duty of said Game, Fish and Oyster Commission to carry out, execute and administer, and to perform all other duties and services

authorized and required to be performed by
said Game, Fish and Oyster Commission, and
shall have the authority, powers, duties
and functions heretofore vested in Special
Deputy Game, Fish and Oyster Commissioners
and other employees of the Game, Fish and
Oyster Commissioner. * * *"

"Article 4026. Property of State.
All fish and other aquatic animal life con-
tained in the fresh water rivers, creeks
and streams and in lakes or sloughs sub-
ject to overflow from rivers or other
streams within the borders of this State
are hereby declared to be property of the
people of this State. All of the public
rivers, bayous, lagoons, creeks, lakes,
bays and inlets in this State, and all
that part of the Gulf of Mexico within
the jurisdiction of this State, together
with their beds and bottoms, and all of
the products thereof, shall continue and
remain the property of the State of Texas,
except in so far as the State shall permit
the use of said waters and bottoms, or
permit the taking of the products of such
bottoms and waters, and in so far as this
use shall relate to or affect the taking
and conservation of fish, oysters, shrimp,
crabs, turtle, terrapin, mussels, lob-
sters, and all other kinds and forms of
marine life, or relate to sand, gravel,
merl, mud shell and all other kinds of
shell, the Game, Fish and Oyster Commis-
sioner shall have jurisdiction over and
control of, in accordance with and by the
authority vested in him by the laws of
this State."

We have quoted the Constitutional provisions
of both the State and Federal Constitutions and some
of our statutes which are pertinent to your question
in which you have used the word "premises". In this
connection, we direct your attention to the provisions
of Article 919, the statute which by its terms em-
powers deputy game and fish wardens at all times to
enter upon lands or water where wild game or fish are
known to range or stray for the purpose of enforcing
the game, and fish laws of this State, and for the

purpose of making scientific investigations or for research work as to such wild game or fish. The word "premises", as used in your question, might be construed to include the private residence of the owner, or of his tenant residing thereon, and those things connected therewith, such as gardens, outhouses, and appurtenances necessary for the domestic comfort of the dwelling house, which ordinarily may not be searched without a search warrant or permission of the occupant thereof. It is our opinion that this statute does not attempt to give the officers named any such authority, for the statute only empowers these officers "to enter upon any lands or water where wild game or fish are known to range or stray". Wild game and fish do not range or stray into private residences, places of business or the appurtenances thereto.

Our answer will be limited to the authority of deputy game and fish wardens "to enter upon any lands or water where wild game or fish are known to range or stray" for any one or more of the purposes enumerated in Article 919, Penal Code, without a search warrant and over the protest of the owner of the land.

The State of Texas owns in trust for the people of the State all the wild animals and wild birds, including wild fowl, within its borders. It also owns for the same purpose all fish and aquatic life in the fresh water rivers, creeks, streams and lakes, or sloughs subject to overflow from rivers or other streams within the bounds of the State, including all of the Gulf of Mexico, its bays and inlets so situated. Articles 871, Penal Code, and 4026, Revised Civil Statutes; Goldsmith and Powell v. State, 159 S. W. (2d) 534, error refused; Stevenson v. Wood, 119 Tex. 563, 34 S. W. (2d) 246, 35 S. W. (2d) 794.

In view of the foregoing statements, it necessarily follows that the State, acting under its police power, has the undoubted authority to regulate the taking of its wild animals, wild birds, fish, and other aquatic life, and to enact laws for the propagation, protection, and preservation thereof, including the making of scientific investigations and research work. For all of these purposes, the State has passed many general laws, both civil and crimi-

nal, including those cited herein, and for the enforcement thereof has created the Game, Fish and Oyster Commission, the Office of Executive Secretary, Assistant Executive Secretary, Deputy Game and Fish Wardens and prescribed their powers and duties. These deputy wardens in the execution of the duties imposed upon them by statute exercise the power and authority given to sheriffs by the laws of this State, and may arrest without a warrant any person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish. (Article 905) They also have all the power conferred upon them by Article 919, and other statutes.

Neither the Constitution and statutes of this State nor the Constitution of the United States prohibits every search or seizure without a warrant, but only unreasonable searches and seizures. Moore v. Adams, 91 S. W. (2d) 247; Jackson v. State, 295 S. W. 619; Hughes vs. State 149 S. W. 173, 184; Crowell vs. State, 180 S. W. (2d) 344; United States vs. Rogato, 39 F (2d) 171, 172, and authorities cited therein. The Courts of this State, the Supreme Court of the United States, and other Federal Courts have held that searches of open fields or that which is open to view, without a search warrant, are not prohibited by the Constitution of either the State or Federal Government. Wolf v. State, 9 S. W. (2d) 350; McTyre v. State, 19 S. W. (2d) 49; Crowell v. State, 180 S. W. (2d) 344; Robie v. State, 36 S. W. (2d) 175; Hester v. United States, 265 U. S. 57; United States v. Rogato, supra; United States v. McBride, 287 F. 214, 284 F 416, 261 U. S. 614.

In the case of Wolf v. State, supra, the Court said:

"It is apparent from the precedents that the immunity from interference is founded upon the desire to give effect to the idea that 'a man's home is his castle'; that an unreasonable search is one which trenches upon the peaceful enjoyment of the house in which he dwells or in which he works and does business, and those things connected therewith, such as gardens, outhouses, and appurtenances necessary for the domestic comfort of the dwell-

ing house or that in which the business is conducted. In its limitations, the immunity intended is analogous to that which applies to the curtilage of which the common law speaks, and does not render unreasonable the search of woods, fields, ravines, or open spaces not so connected with the place of business or dwelling, though owned by the same individual".

In McTyre's Case, supra, the Court, after referring to the Wolf Case and substantially quoting that part of the opinion which we have just quoted, added thereto the following:

"That is to say, unless the place to be searched comes within the purview of an unreasonable search as above indicated, the search may ᵤᵤ made without a warrant."

In the recent case of Crowell v. State, supra, the Appellant was convicted for keeping a bawdy house, as prohibited by Article 514 P. C. Upon his trial objection was made to the admission of testimony by witnesses, one of whom was deputy sheriff, as to what they saw in appellant's house by looking through a window. In passing upon this objection, the Court said:

"Appellant next contends that such testimony was inadmissible under Article 727a, C. C. P., which prohibits the use of evidence obtained by an officer or other person, in violation of the laws of this State, because, at the time the witnesses saw what was transpiring in the house, they were tresspassers.

"Whether the parties were guilty of a civil tresspass is beside the question and is immaterial, because the statute mentioned has application to the violation of laws of this State, and there is no statute making it an offense merely to go upon the premises or property of another. Hence the facts fail to shew that the parties were guilty of a criminal

tresspass merely because they were on the appellant's premises, or that in so doing, they violated any statute. The provisions of Article 727a, C. C. P., relied upon is, therefore, neither applicable nor controlling here."

Deputy game and fish wardens are public officers of this State who are charged by statute with the duty of enforcing the game, fish and oyster laws of the State. Articles 905, 906, 914, 919, 978f, Sections 1 and 6. The general rule is that an officer acting in the performance of his duty does not commit a civil tresspass unless he exceeds the authority under which he acts. 41 Tex. Jur., 409, Sec. 2 et seq; 43 Am. Jur. 585, sec. 273, 52 Am. Jur. 864, Sec. 41.

In view of what we have heretofore said and the authorities cited, it is our opinion that Article 919 is a valid Statute and confers upon deputy game and fish wardens all the authority it purports to give them. Such officers may legally at any time enter upon _any_ lands, including inclosed land, or water within this State where wild game or fish are known to range or stray for any or all of the purposes enumerated in said Article, and may legally so do without a search warrant and over the protest of the owner or the person in charge or possession thereof.

## SUMMARY

Article 919, Penal Code, does not attempt to confer authority upon deputy game and fish wardens to search without a warrant, the house in which one dwells or in which he works and does business, and those things connected therewith, such as gardens, outhouses, and appurtenances necessary for the domestic comfort of the dwelling house or in which the business is conducted.

Deputy game and fish wardens may legally, at any time, enter upon any lands, including inclosed lands, or water within this State where wild game or fish are known to range or stray for

any of the purposes enumerated in Article 919, Penal Code, without a search warrant and over the protest of the owner or person in charge or possession thereof.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY

Bruce W. Bryant
Assistant

APPROVED JAN. 11, 1947

ATTORNEY GENERAL OF TEXAS

BWB/LH/erc

APPROVED: OPINION COMMITTEE BY B.W.B., CHAIRMAN