CARROLL LEE GLENN V. STATE

No. 34,554.  May 23, 1962

*Percy Foreman*, Houston, *Malcolm M. Guinn*, Rusk, and *Luther E. Jones*, Corpus Christi, for appellant.

*Hulon B. Brown*, District Attorney, Jacksonville, *Paul Cox*, County Attorney, Rusk, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, twenty-five years.

The appellant owned and operated a cafe and nearby service station. While the deceased was dancing the "twist" to the music of a juke box in the cafe, the appellant, who had been absent from the cafe, came to the front door and told him to quit dancing. When told that the appellant was the owner of the cafe, the deceased apologized and the appellant said he had caused no trouble but that dancing in a cafe was a violation of the law. Then the deceased quit dancing and took a seat at a table with Billy Joe Feidler and Ruth Baugh.

In about ten or fifteen minutes, the appellant came into the cafe, went to the telephone and called long distance for an officer. The deceased asked appellant if he was calling for the sheriff, and he replied that he was and for the deceased not to talk to him while he was using the telephone. The deceased said that he and Feidler were going to leave and the appellant said that they could not. While the deceased was standing still with his hands at his side, the appellant shot the deceased in the chest with a .22 pistol, from a distance of five or six feet, causing his death.

The testimony of the appellant and his witnesses is in effect that about 2:00 P.M., before the deceased was shot that night about 1:00 A.M., he was told that a group of men had threatened to come to see the "big buddy" (appellant) of Patricia, the wife of Lloyd Latham, one of the group. While traveling with Patricia, who at the time of the trial had gotten a divorce and married the appellant, a group, about 8:30 P.M. on the night of the shoot-

ing, made a strenuous effort to curb the appellant's car. This experience caused the appellant to arm himself with a .22 pistol. When the appellant and Patricia arrived at the cafe after midnight, they saw the men who had tried to curb them. While outside the cafe, the appellant observed the deceased doing a vulgar dance in front of the juke box. He went to the front door, opened it, and without going in, asked the deceased to stop the dance and leave. The deceased cursed the appellant and appellant withdrew. In a short time, the appellant entered the cafe, went directly to the telephone and called the sheriff's office. While seated, the deceased asked appellant if he was calling the officers about him. When appellant replied that he was, the deceased and Feidler shoved their chairs back and began moving around the table, looking straight at him and frowning, and he thought they were coming to take the telephone from him and do him bodily injury, and that the men on the outside would help them. At this time appellant said, "Don't come any closer," and Feidler then moved south in the cafe but the deceased kept coming closer and he took his pistol out and told the deceased again not to come closer; then, as he kept coming, appellant told him again not to come any closer or he would shoot. The deceased grabbed appellant's hand and jerked the pistol, saying, "I'm going to take this gun away from you," the pistol fired and deceased grabbed his chest; and that he did not intentionally shoot the deceased.

Appellant contends that the trial court erred in refusing to charge the jury that they could in no event find the defendant guilty if they believed, or had a reasonable doubt, that he did not kill the deceased.

It is evident that this requested charge was based upon appellant's testimony that the deceased grabbed and jerked the pistol causing it to discharge, thereby shooting and killing himself.

The court charged the jury that if the act of deceased in striking or grabbing the pistol, if he did, caused it to be accidentally discharged, then to find the appellant not guilty. This instruction fairly and adequately presented the issue raised by the evidence and no error is shown.

Appellant contends that the trial court erred in refusing his requested charge that if at the time of the homicide it reasonably appeared to him, viewed from his standpoint, that the deceased and one or more other parties had formed a conspiracy to violently attack the appellant and wreck his place of business, and, from the acts and words of the deceased, either alone or acting

with others in carrying out such conspiracy, it reasonably appeared to him that he was about to be killed or serious bodily injury inflicted upon him, to find him not guilty.

The evidence failed to raise the issues as submitted in the requested charge. However, the main charge adequately instructed the jury on the law of self defense, both as to real and apparent danger, and applied the law of reasonable doubt thereto. The refusal of the requested charge as submitted was not error.

It is insisted that the trial court erred in defining "malice aforethought" as "the voluntary and intentional doing of an unlawful act by one of sound memory and discretion, with the purpose, means and ability to accomplish the reasonable and probable consequences of the act."

Appellant objected to this definition because it had "the effect of *mandatorily* requiring a finding of malice aforethought in the event of the jury's believing that death of deceased was caused by an unlawful act of defendant done voluntarily and intentionally with the purpose, means and ability to accomplish its reasonable and probable consequences."

The court's charge shows that said definition also included the further instruction: "It is a condition of the mind that shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken."

When the charge is taken and considered as a whole it shows that the definition includes all of the elements of malice aforethought, hence no reversible error is shown. Spencer v. State, 130 Texas Cr. Rep. 644, 95 S.W. 2d 445.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.