**Ramiro GARCIA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38337.**

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Rehearing Denied Dec. 8, 1965.

**Billie Sol ESTES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36086.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

WOODLEY, Judge.

This is an appeal from a conviction for felony swindling, appellant having been

Marvin Foster, Corpus Christi, for appellant.

Sam L. Jones, Jr., Dist. Atty., W. De-Witt Alsup, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder; the punishment, life.

The testimony of the state reveals that the appellant arrived home about 7 P.M., and approximately fifteen minutes later, his wife, the deceased, walking with four or five of their children, arrived; that when the deceased turned into the driveway she suddenly stopped, saying, "No, Ramiro (appellant), no!", then she turned and ran. As she ran the appellant shot her with a rifle and she fell; then the appellant walked to the street, raised the rifle to his shoulder and shot the deceased the second time; and he next went to the deceased and from a distance of one or one and one-half feet shot her the third time. After the third shot, the appellant went to the body and moved it with his foot.

An examination of the body of the deceased revealed three gunshot wounds: one large wound in the front portion of the neck or throat, one in the buttocks, and another beginning in the right shoulder and continuing through the right side of the body and exiting into the right hand. It was determined that the wound in the neck was the cause of her death.

Testifying in his own behalf, the appellant stated that he did not remember shooting his wife; · and he called several witnesses who testified that he was drinking during the afternoon and was drunk a short time before the shooting.

On cross-examination the appellant remembered going to several taverns and drinking beer but did not recall anything after 1 P.M. He admitted that he had seen a certain named woman other than the deceased on a good many occasions in the previous year but just for a period of two to four hours.

It is insisted that the trial court erred in refusing appellant's request to inspect the prior written statement of the witness Padilla for the purpose of cross-examination.

The evidence reveals that the state's attorney never showed, read, exhibited to or discussed said statement with the witness Padilla after it was made and signed on July 23, 1964; and that the witness never saw or used the statement to refresh his memory after it was executed and before or during his appearance as a witness on the trial of this case which began October 29, 1964. Said statement openly appears as an exhibit in the statement of facts which is approved by the trial counsel of the appellant and the attorney for the state. The appellant fails to point out any fact in the statement that could have been of advantage to him on the examination of said witness, and we do not perceive any. The refusal of the request was not error. Sewell v. State, Tex.Cr.App., 367 S.W.2d 349.

It is contended that the trial court erred in defining "malice aforethought" as the jury could have under it found one of three ultimate facts in the definition as constituting malice aforethought, and from a general verdict it could not be determined on which alternative theory the jury based its findings.

The definition complained of appears to be the same as the one given in the charge set out in 4 Branch (2) 542, Sec. 2194.1. When the definition as given, which is one paragraph, is taken and considered as a whole, it fairly and adequately defines malice aforethought. No error is presented.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.