**Benito Gonzalez GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38480.**

Court of Criminal Appeals of Texas.

Dec. 15, 1965.

Rehearing Denied Jan. 19, 1966.

Roger Butler, Robstown, Luther E. Jones, Jr., Corpus Christi, for appellant.

R. L. Lattimore, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder; the punishment, 50 years.

The indictment alleged that appellant did voluntarily and with malice aforethought kill Matias Lara by shooting him with a gun.

The sufficiency of the evidence is not challenged. It shows that appellant and one Canales entered a tavern about 10 P.M. and ordered some food. The decedent Lara also entered the tavern and ordered a beer. Lara complained that Canales was bothering him at his table and the proprietor, Garcia, told Canales to "stop bothering Mr. Lara." Canales invited Lara outside, and the two went out where they engaged in mutual combat in which no weapons were involved. While this struggle was going on appellant came out of the tavern and shot Lara with a pistol. He then walked to his pickup truck with the pistol in his hand and drove off.

Appellant told the officers who arrested him that he was "the one that shot that man at the beer joint" and produced the pistol.

Lara died as the result of the gunshot wound.

The sole ground upon which reversal of the conviction is sought is: "The conviction is invalid under the Due Process Clause of the 14th Amendment of the Federal Constitution."

This contention is raised for the first time by brief and argument in this Court. It is predicated upon the court's definition

of malice aforethought in his charge to the jury, to which no exceptions were reserved.

The court instructed the jury:

" 'Malice aforethought' includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse, or extenuate the homicide. It is the doing of a wrongful act intentionally, without just cause or excuse. It is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken."

This Court has held that the second sentence in the court's definition standing alone is wrong. Simmons v. State, 113 Tex.Cr.R. 53, 19 S.W.2d 44; Hayes v. State, 14 Tex.App. 330 (cited with approval in Swilley v. State, 114 Tex.Cr.R. 228, 25 S.W.2d 1098, 1101.)

The same authorities and many others approve the last sentence of the court's instruction as a proper definition of malice aforethought, and support our holding that the comprehensive definition which the court gave as a whole adequately defines malice aforethought.

The court's definition appears to be identical with that set out in 4 Branch's Ann. P.C.2d, Sec. 2194.1, p. 542, which this Court found to fairly and adequately define malice aforethought as recently as Garcia v. State, 396 S.W.2d 123, decided November 3, 1965. See also Glenn v. State, 172 Tex. Cr.R. 513, 360 S.W.2d 146; Spencer v. State, 130 Tex.Cr.R. 644, 95 S.W.2d 445.

In the absence of an exception to the court's charge, the claimed error therein is not before us for review.

We find no merit in the contention that the conviction is invalid under the Due Process Clause of the 14th Amendment to the Federal Constitution.

The judgment is affirmed.