**Johnny B. DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41301.**

Court of Criminal Appeals of Texas.

June 12, 1968.

Rehearing Denied July 24, 1968.

Percy Foreman, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, life.

The indictment alleged that appellant "did with malice aforethought kill Calvin Charles by shooting him with a gun."

No motion to quash or exception to the indictment was filed.

Appellant's first three grounds of error relate to the absence of an allegation that appellant "voluntarily" killed the deceased.

This court has held that though the murder statute (Art. 1256 V.A.P.C. enacted in 1927) in defining murder, provides "whoever shall voluntarily kill any person within this State shall be guilty of murder," an averment that the killing was done "with malice aforethought" was sufficient. Sanders v. State, Tex.Cr.App., 402 S.W.2d 735, and cases cited.

We readily agree that the better practice would be to follow the wording of the statute and allege that the killing was voluntarily done. However, the statute now Art. 21.17 C.C.P., 1965, provides:

"Words used in a statute to define an offense need not be strictly pursued in

the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Appellant's able counsel concedes that if "malice aforethought" always included voluntariness the indictment would be sufficient.

We point out that "malice" in its legal sense denotes a wrongful act *done intentionally* and without just cause or excuse. (The court in his charge so instructed the jury.)

The repeal by omission from the 1965 Code of Criminal Procedure of former Art. 409 C.C.P., 1925, setting out a form sufficient to charge murder as then defined, does not affect our holding in the cases above cited that an indictment alleging a killing with malice aforethought is sufficient though it does not further allege that the killing was voluntarily done.

The fourth and last ground of error is that appellant's conviction is invalid under the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it is impossible to determine from the record that the jury did not, as its sole basis for finding he acted with malice aforethought in doing the act causing death of the deceased, sustain an invalid inculpatory theory of malice aforethought submitted to them by the charge.

The court's charge, to which there were no objections, gave the following definition:

"Malice aforethought is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken.

*"Malice aforethought is the voluntary and intentional doing of an unlawful act with the intent, means and ability to accomplish the reasonable and probable consequences of the act done.* It includes all those states of mind under which the killing of a person takes place without any cause which will in law justify or excuse the killing.

"Malice in its legal sense denotes a wrongful act done intentionally and without just cause or excuse."

Relying upon the opinions of this court holding that the italicized portion of the court's definition of malice aforethought above quoted is erroneous,[1] appellant construes the sentence as one of three separate inculpatory theories supported by the evidence which may have been the sole basis for the jury's verdict finding that appellant acted with malice aforethought in killing the deceased.

■ We do not construe the court's comprehensive definition of malice aforethought, which this court has held to fairly and adequately define malice aforethought,[2] to authorize a jury that does not find "a condition of mind which shows a heart regardless of social duty and fatally bent on mischief" to nevertheless find that the killing was with malice aforethought in that it was the "voluntary and intentional doing of an unlawful act with the intent, means and ability to accomplish the reasonable and probable consequences of the act done."

Since we cannot accept appellant's premise that the single sentence of the court's definition of malice aforethought which standing alone is wrong[3] constituted a separate inculpatory theory, we find it unnecessary to discuss the authorities relied

---

1. Gonzalez v. State, Tex.Cr.App., 397 S.W. 2d 440, and cases cited.

2. Simmons v. State, 113 Tex.Cr.R. 53, 19 S.W.2d 44; Hayes v. State, 14 Tex.App. 330; Gonzalez v. State, supra.

3. See Footnote 1, supra.

upon as relevant where the jury which renders a verdict of guilty was told that it may convict upon any of several inculpatory theories which are all supported by the evidence, one of which inculpatory theories is incapable of supporting a conviction.

The judgment is affirmed.