**Douglas Q. BRELAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45486.**

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

Rehearing Denied Feb. 16, 1973.

Luther E. Jones, Jr., Corpus Christi, Phillip D. Hardberger, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Conaway, Robert Spicer and Antonio G. Cantu, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder with malice; the punishment, death.

The punishment of the appellant has been commuted from death to life imprisonment by the Honorable Preston Smith, Governor of Texas, by proclamation dated November 22, 1972. This has rendered moot the appellant's first two grounds of error concerning the assessment of the death penalty.

The appellant's third ground of error urges for the first time on appeal that the trial court improperly defined the term "murder with malice" in the charge submitted to the jury.[1] The appellant argues that three definitions for the term were submitted, only one of which is correct, and that it cannot be determined from the general verdict on which alternative definition the jury based its findings. This court has overruled this exact contention in several cases. See Davis v. State, 429 S.W. 2d 466 (Tex.Cr.App.1968); Gonzales v. State, 397 S.W.2d 440 (Tex.Cr.App.1965);

---

1. The charge, as submitted to the jury in this case, reads as follows:

   " 'Malice aforethought' is the voluntary and intentional doing of an unlawful act by one of sound memory and discretion with the purpose, means and ability to accomplish the reasonable and probable consequences of the act. 'Malice aforethought' includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse or extenuate the homicide. It is a condition of the mind which shows a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from the acts committed or words spoken. . . . "

and Garcia v. State, 396 S.W.2d 123 (Tex. Cr.App.1965). These cases are controlling and further discussion of this contention would serve no purpose.

■ In his fourth ground of error, the appellant argues that " . . . whenever proof appears sufficient to raise a reasonable doubt in the minds of the jurors whether Defendant was insane at the time of the homicide" a "burden of disproving Defendant's insanity beyond a reasonable doubt" is cast upon the prosecution. The appellant's argument is based primarily upon the rationale of In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Without further elaboration on the appellant's argument, it is sufficient to point out that this contention and argument have been discussed comprehensively and rejected in the recent case of Nilsson v. State, 477 S.W.2d 592 (Tex.Cr.App.1972).

The appellant's fifth ground of error is "The instructions in the charge authorizing the jury to find the Defendant was insane at the time of the homicide only if they believed from a preponderance of the evidence he was insane at that time was repugnant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and accordingly the action of the trial court in giving those instructions to the jury constituted fundamental error of federal constitutional magnitude requiring invalidation of the conviction."

■ The appellant argues that a defendant must prove to the satisfaction of the jury that he is insane by preponderance of the evidence to establish an insanity defense, while with other defenses, no such burden is placed upon a defendant. He further argues that this difference is not "based upon any reasonable classification or rational foundation and is not a legitimate means for effectuating any proper policy of this state." The burden of proof required to prove insanity as a defense is reasonable because there is a presumption that the defendant is sane unless there has been a prior, unvacated judgment of insanity rendered against him.

We find this ground of error to be without merit.

The punishment having been commuted from death to life imprisonment, the judgment of the trial court should be, and is, ordered reformed to show the punishment to be assessed at life. See Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972).

The judgment as reformed, is affirmed.

Opinion approved by the Court.